## PROVIDENCE COUNTY.

HORATIO N. TRACY, Trustee, *vs.* MICHAEL McGARTY.

A *bonâ fide* assignment made prior to the service of process by foreign attachment will defeat such attachment, although the garnishee knew nothing of the assignment until after his affidavit was filed, provided he has such timely notice thereof as will enable him by permission of court to modify his affidavit so as to conform it to the facts.

*Noble* v. *Smith,* 6 R. I. 446, and *Northam* v. *Cartright,* 10 R. I. 19, affirmed.

EXCEPTIONS to the Court of Common Pleas.

ASSUMPSIT brought by Horatio N. Tracy, trustee of Lewis C. Tracy, against the defendant in the Justice Court of Providence, and appealed by the defendant to the Court of Common Pleas. The bill of exceptions allowed by the presiding judge in the Court of Common Pleas shows that the claim sued on was duly and in good faith assigned by Horatio N. Tracy to Lewis C. Tracy; that subsequent to this assignment one Albert W. Harris sued Horatio N. Tracy, and served his writ on the defendant McGarty by process of foreign attachment; that McGarty had no notice of the assignment until after the garnishment; that both cases, the present and *Harris* v. *Tracy,* came to the Court of Common Pleas, the latter being continued; that McGarty

made his affidavit as garnishee in the suit of Harris, disclosing funds, and that McGarty still holds these funds. Upon these facts the plaintiff requested the court to rule that the plaintiff was entitled to recover, although the defendant had, as garnishee in the suit of Harris, made affidavit of funds due Horatio N. Tracy, and although notice of the assignment was not given till after the attachment, so long as McGarty still held the money, and so long as final judgment had not been entered in the suit of Harris. The court refused so to rule, and entered judgment for the defendant. To this refusal the plaintiff excepted.

*July* 16, 1878. DURFEE, C. J. We think the exceptions must be sustained and a new trial granted. The assignment preceded the garnishment, and the garnishee, though he had no notice of the assignment before filing his affidavit, did have, as we infer, notice of it in season to ask leave of the court, which doubtless would have been granted, to modify his affidavit so as to make it conform to the facts. Drake on Attachment, § 650. This he ought to have done, and fortunately it is not too late for him to do it, even now, judgment having been deferred. The rule is discussed and settled for this State in *Northam* v. *Cartright*, 10 R. I. 19; see also *Noble* v. *Smith*, 6 R. I. 446; Drake on Attachment, § 527.                    *Exceptions sustained.*

*Charles A. Wilson,* for plaintiff.
*Charles H. Page,* for defendant.